#### No. 64
#### LENTZ v. LENTZ
Ohio Appeals, 2nd Dist. Franklin Co.
(Funk, Pardee and Washburn, JJ., sitting.)
#### No. 1117. Decided May 19, 1924.

**203. CONTEMPT**—Contempt proceedings reviewable on error only as to abuse of court's discretion.

**791. MOTIONS AND ORDERS** Nunc pro tunc order requires written memoranda to sustain it.

**677. JUDGMENTS AND DECREES**—Reversal of divorce decree as to child's custody in contempt proceedings not res adjudicata in later contempt.

For previous decisions see 1 Abs. 816; 2 Abs. 853; 630.

WASHBURN, J.

##### Epitomized Opinion
Published only in Ohio Law Abstract

John J. Lentz brought an action for divorce against his wife, Alta F. Lentz and for the custody of their minor child. On May 23, 1921, the common pleas granted Mr. Lentz a divorce and ordered that Mrs. Lentz should have the custody of the child until July 1, 1921, subject to the right of Mr. Lentz to have the child from 2 p. m. Saturday until 7:30 p. m. of the following Sunday of each week and that Mr. Lentz should have the child from July 1, 1921 until July 1, 1922, subject to the right of Mrs. Lentz to have the child Saturdays and Sundays. Shortly after the decree Mrs. Lentz took the child out of the state and remained away until July, 1922, when she was hailed into court to answer a charge of contempt for disregard of the order.

Previous to this hearing Mr. Lentz had filed a petition in an independent action in which he attacked the judgment in the divorce case because of fraud practiced therein upon him and the court by Mrs. Lentz. In the contempt proceedings the presiding judge in dealing with the violation of the previous order of the court, the custody of the child and the rights of the parties, ruled that "all these matters should be passed until the new suit to set aside the judgment was heard and disposed of, and that will be the order", and concluded not to punish Mrs. Lentz for contempt.

Subsequently, on March 10, 1923, Mr. Lentz filed a new charge of contempt and this proceeding in error grows out of the trial of said contempt charges. In her answer to the charges in contempt Mrs. Lentz set up the de-

fense of res adjudicata. The trial court found Mrs. Lentz not guilty and made a nunc pro tunc order that the court on the previous contempt proceeding had found Mrs. Lentz entitled to the custody of the child until the further order of the court, but through inadvertence and oversight that order had not been journalized and that the order now was entered as of the date of the first contempt proceedings. On error the appeals set aside and cancelled the nunc pro tunc order and held:

1. In the first contempt proceedings the judge expressly in his ruling, reversed the decree of the questions in issue for determination under the suit filed by Mr. Lentz attacking the judgment rendered in the divorce action so that the issue was not res adjudicata.

2. That contempt proceedings instituted by an aggrieved party will be reviewed only as to an abuse of discretion of the court in refusing or granting punishment.

3. The power to make a nunc pro tunc order should be used with caution and circumspection and should not be permitted to rest upon the mere word of mouth or remark of the judge, but requires the necessity of some written memorandum.

4. That the nunc pro tunc order is manifestly and clearly against the weight or evidence and should be cancelled and set aside.

Attorneys—J. D. Karns and C. E. Blecher for Mr. Lentz; C. D. Addison for Mrs. Lentz.